IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK KIZZAR,

       Plaintiff,

vs.                                                                                           No. CIV 08-1037 JB/CEG

BILL RICHARDSON, Governor of New Mexico;
GARY KING, Attorney General of New Mexico; MARY
HERRERA, Secretary of State for New Mexico; SENATOR
MARY JANE GARCIA; W. KEN MARTINEZ, ARLINE
ENGEL, ANIMAL PROTECTION of NEW MEXICO, INC.;
JOHN/JANE DOE (name unknown), CHIEF EXECUTIVE,
ANIMAL PROTECTION VOTERS, JUDGE JACK BAILEY,
JUDGE GARY L. CLINGMAN, LEA COUNTY SHERIFF
ROD COFFMAN, DEPUTIES GARY HASSEN, MIKE
TOVAR, BRAD RILEY, JEFF GRAY-AFFIANT,
BRANDON MOON, SARGENTS JON MARTINEZ and JOHN
GASKINS, JAL POLICE OFFICERS DANIEL JUAREZ,
JOSH TERRELL and ADAM MONTEZ,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) Defendants Sheriff Rod Coffman, Lea

County New Mexico, Deputies Gary Hassen, Mike Tovar, Jeff Gray, Brandon Moon, Sgt. Jon

Martinez and John Baskin's Motion to Dismiss for Insufficient Process and Insufficient Service of

Process, filed January 28, 2009 (Doc. 7)("Individual Defendants' Motion"); (ii) the Board of County

Commissioners of Lea County's Motion to Dismiss, filed February 6, 2009 (Doc. 11)("Board's

Motion"); and (iii) the Plaintiff's Request for Extension of Time to Serve Summons on Defendants,

filed May 20, 2009 (Doc. 14). Plaintiff Frank Kizzar is representing himself pro se. Because Kizzar

failed to properly and timely serve the Defendants, and because his current Complaint does not

comply with rule 10 of the Federal Rules of Civil Procedure, the Court will grant the Individual

Defendants' Motion in full and the Board's Motion in part and dismiss the petition without prejudice, but will allow Kizzar ten days to file an amended complaint and twenty additional days if and after he files an amended complaint to serve all the Defendants.  The Court will deny as moot the Plaintiff's Request for Extension of Time to Serve Summons.

## FACTUAL BACKGROUND

On September 15, 2008, Frank Kizzar sent a letter to the Honorable Robert C. Brack, United States District Judge, United States District Court, District of New Mexico.  See Doc. 2.  Kizzar cited multiple statutes in the letter and referred to the letter as a "petition;" he asked for redress by the court.  Kizzar informed Judge Brack that "the Legion Club of Jal Testing Facility, Jal, New Mexico will re-open on November 22, 2008 for the 2008-2009 testing season," and asks that he "as a United States District Judge, enforce the federal laws that protect and recognize both the rights of a Federal Land Patent Title-holder; and the rulings of the authorized church tribunal, i.e., the ecclesiastical court . . . ."  Id. at 2.

## PROCEDURAL BACKGROUND

Kizzar's letter was filed with the Court on September 22, 2008 and provided a file number of CIV 08-1037.  See Doc. 2.  No filing fee was paid at that time.  On January 20, 2009, Kizzar filed Plaintiff's Request for Leave to File Addendum to Original Petition, see Doc. 3, which Addendum Kizzar indicated had been filed on November 22, 2008, see id. at 1.  Also on January 20, 2009, Kizzar paid the filing fee.  See Doc. 4.  The District of New Mexico's standard procedures for randomly assigning cases assigned this case to Judge Browning as District Judge and the Honorable Carmen E. Garza, United States Magistrate Judge.

By Order dated January 26, 2009, Judge Garza denied the Plaintiff's Request for Leave to File Addendum to Original Petition.  See Doc. 5.  Judge Garza acknowledged that Kizzar was

entitled to amend his pleading because he had not served any Defendants, but found that Plaintiff's Request for Leave to File an Addendum to Original Petition did not comply with the Federal Rules of Civil Procedure.  See Order at 1.  Judge Garza set forth the relevant provisions of rule 10 of the Federal Rules of Civil Procedure and encouraged Kizzar to "review the District Court of New Mexico's website, especially the legal information and forms available to pro se litigants, located at http://www.nmcourt.fed.us/ web/DCDOCS/dcindex.html."  Id. at 2.

On January 28, 2009, Defendant Sheriff Rod Coffman, Lea County New Mexico, Deputies Gary Hassen, Mike Tovar, Jeff Gray, Brandon Moon, Sgt. Jon Martinez and John Baskin filed a Motion to Dismiss for Insufficient Process and Insufficient Service of Process, see Doc. 7, and a Memorandum in Support thereof, see Doc. 8 ("Memo.").  They argue that the letter should be dismissed for insufficient process and insufficient service of process pursuant to rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure because, as of the date of filing, Kizzar had failed to present any summons to the Clerk for signature and seal, and none of them have been served with process.  See Memo. at 2.  Copies of Kizzar's letter were left with the dispatcher at the Lea County Sheriff's Department.  See Memo. at 3.

On January 29, 2009, at my direction, the Clerk of Court issued to Kizzar a Notice of Impending Dismissal advising him that the action would be dismissed in 30 days from the date of the notice unless good cause was shown for the retention of the matter on the Court's docket. See Doc. 9.

On February 6, 2009, the Board of County Commissioners of Lea County filed a Motion to Dismiss, see Doc. 11 ("County's Motion"), asserting that the letter filed by Kizzar does not comply with the Federal Rules of Civil Procedure, including rule 10, and asserting insufficient process and insufficient service of process, see County's Motion at 1.  The Commissioners assert that, as of the

date of filing, Kizzar had failed to present any summons to the Clerk for signature and seal and proper service had not been made upon them.  See id.

On March 3, 2009, Kizzar filed Plaintiff's Answer to Court's Order for Show Cause (Doc. 13).  Kizzar averred that the time for service on the Defendants had not expired and "although the service is not perfected on Defendants, [sic] the payment of the filing fee was made but the Clerk would not issue the Summons, and to date has not issued such.  Payment of the filing fee was made on January 20, 2009."  Id. at 1.

On May 20, 2009, Kizzar filed Plaintiff's Request for Extension of Time to Serve Summons on Defendants, see Doc. 14 ("Request"), alleging that his complaint was intended as a claim of criminal acts and that he believes that the "U.S. Department of Justice should be giving [ ] him assistance and responding to the filed Complaint," Request at 1.  Kizzar acknowledged receiving an information packet from the Court instructing him "how to prepare and file a civil complaint and pay a filing fee," which fee he paid on January 20, 2009, id. at 1, but that he has not yet received contact or assistance from "the U.S. Department of Justice in the filed Complaint in a criminal matter," Request at 2.  He requests an extension of time to serve summons on the Defendants, to have an opportunity to file a civil complaint, and to allow "the U.S. Department of Justice time to respond to [him] and the Court on this matter."  Id.

## LAW REGARDING FAILURE TO RESPOND TO A MOTION

"Failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ 7.1(b).  The Court cannot, however, grant either a motion to dismiss or one for summary judgement based solely on plaintiff's failure to respond, and must consider the merits of the motion.  See Issa v. Comp USA, 354 F.3d 1174, 1177-78 (10th Cir. 2003)(holding that a court must address the merits of a motion

-4-

to dismiss notwithstanding the plaintiff's failure to respond).  "Pursuant to D.N.M. LR-Civ. 7.1(b), the Court treats an issue to which no timely response is made as unopposed and resolves the issue in favor of the moving party unless it would be incorrect or improper to do so."  Baumeister v. New Mexico Commission for the Blind Adult Orientation Center, 425 F. Supp. 2d. 1250 1268-69 (D.N.M. 2006).

## FEDERAL RULE OF CIVIL PROCEDURE 4(m)

"Effectuation of service is a precondition to suit."  Jenkins v. City of Topeka, 136 F.3d 1274, 1275 (10th Cir. 1998).  The burden of establishing validity of service is on the plaintiff.  See Fed. Deposit Ins. Corp. v. Oaklawn Apts., 959 F.2d 170, 174 (10th Cir. 1992).  A litigant's pro se status does not relieve him of the requirement of effective service.  See Systems Signs Supplies v. United States Department of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990)(citing Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988)).  If service of process is challenged, the serving party must demonstrate the validity of service or prove that it was for good cause that timely service failed.  See Systems Signs Supplies v. United States Department of Justice, 903 F.2d at 1013 (citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir. 1985); Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. Unit A Jan 1981)).

Rule 4(m) states that,

if a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the Tenth Circuit, under rule 4(m) of the Federal Rules of Civil Procedure, the Court employs a two-step analysis.  See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).  First, the plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for

failing to timely effect service.  See id.  "The good cause provision of Rule 4[(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule.'"  Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994)(quoting In re City of Philadelphia Litig., 123 F.R.D. 512, 514 n. 2 (E.D. Pa. 1988)).  See In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996)(holding that the bankruptcy court, in finding that good cause for untimely service was not shown, did not abuse its discretion, because a plaintiff must show meticulous efforts, and a plaintiff's unexplained miscalculation in the deadline, even when no prejudice is shown, did not constitute good cause when combined with a decision to wait until the last minute to serve the defendant -- apparently for strategic purposes);  Jones v. Frank, 973 F.2d 872, 873-74 (10th Cir. 1992)(holding that good cause was not shown where pro-se plaintiff attempted service on the proper government parties by regular mail rather than by certified or registered mail, and where the plaintiff had been notified by the United States Attorney that his attempted service failed to comply with the rules, and stating that it could not "sanction Plaintiff's complete failure to correct his service defects after being told what was wrong").  "[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service.  Mistake of counsel or ignorance of the rules also usually do[es]  not suffice."  In re Kirkland, 86 F.3d at 176 (citing Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987), and Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d at 1439)).

Second, if the plaintiff fails to show good cause, the court may exercise its discretion, and either dismiss the case without prejudice or extend the time for service.  See Espinoza v. United States, 52 F.3d at 842.  In making its determination whether to grant a permissive extension, the Court should consider several factors, including whether the applicable statute of limitations would bar the re-filed action, whether the plaintiff is proceeding pro se, and whether the defendants are

evading service.  See id. at 841-842.  Proceeding pro se, however, does not excuse a plaintiff from complying with rule 4, particularly when the plaintiff has been advised of the deficiencies.  See Jones v. Frank, 973 F.2d at 872-74.

### RULE 10 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 10 states:  "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation.  The title of the complaint must name all the parties; . . . ." Fed. R Civ. Proc. 10(a).  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. Proc. 10(b).

### STANDARD FOR DECIDING A MOTION TO DISMISS UNDER RULE 12(b)

Pursuant to rule 12(b), a court may grant a motion to dismiss for numerous reasons. See Fed. R. Civ. P 12(b).  Among those provisions are rules 12(b)(4) and 12(b)(5), which relate to proper process and services of process.  Another provision is rule 12(b)(6), which involves whether a complaint states a claim on which relief can be granted.

### 1.      Rule 12(b)(4) and 12(b)(5).

Rule 12(b)(5) provides, in pertinent part: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion . . . (5) insufficient service of process." Fed. R. Civ. P. 12(b)(5).  Under rules 12(b)(4) and 12(b)(5), a "defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4." Richardson v. Alliance Tire & Rubber Co., 158 F.R.D. 475, 477 (D.Kan. 1994)(quoting 5A C. Wright & A. Miller, Federal Practice and Procedure § 1353 (2d ed. 1990)). "Rules 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." Whitsell v. United States, 198 F.3d 260, 260 (10th Cir. 1999)(citing Fed. R. Civ. P.

12(b)(4), 12(b)(5)).  "A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery." Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv., 871 F. Supp. 1331, 1349 (D.Kan. 1994)(citation omitted). See United States v. Sharon Steel Corp., 681 F. Supp. 1492, 1499 n.14 (D.Utah 1987). "A Rule 12(b)(5) motion . . . challenges the mode or lack of delivery of a summons and complaint." Oltremari by McDaniel v. Kansas Social & Rehabilitative Serv., 871 F. Supp. at 1349 (citation omitted). See United States v. Sharon Steel Corp., 681 F. Supp. at 1499 n.14.

Where a plaintiff does not meet this burden, a court may dismiss for failure to properly serve. See Lasky v. Lansford, 76 Fed App'x. 240, 240-41 (10th Cir. 2003)(unpublished). "Motions under Federal Rules 12(b)(4) and 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action -- quashing the process without dismissing the action -- other than simply dismissing the case when the defendant's defense or objection is sustained." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 346 (3d ed. 2004).  "Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994)(citing Fed. Deposit Ins. Corp. v. Swager, 773 F. Supp. 1244, 1249 (D.Minn. 1991); United Food v. Commercial Workers Union, 736 F.2d 1371, 1382 (9th Cir. 1984)). See U.S.A. Nutrasource, Inc. v. CNA Ins. Co., 140 F. Supp. 2d 1049, 1052-53 (N.D.Cal. 2001)("Dismissals for defects in the form of summons are generally disfavored. Such defects are considered 'technical' and hence are not a ground for dismissal unless the defendant demonstrates actual prejudice.")(citation omitted). "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." Pell v. Azar Nut Co., Inc., 711 F.2d 949, 950 n.2 (10th Cir. 1983)(citing 5 C. Wright & A. Miller, Federal Practice and Procedure §

1354, at 586-87 (1969)). <u>See</u> <u>Montalbano v. Easco Hand Tools, Inc.</u>, 766 F.2d 737, 740 (2d Cir. 1985)("Where service of process is insufficient, the courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant . . . even though service will ordinarily be quashed and the action preserved where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." (internal quotations and citations omitted)). In addition, the Court has discretion to dismiss the action if it appears unlikely that proper service can or will be instituted.  <u>See</u> <u>Pell v. Azar Nut Co., Inc.</u>, 711 F.2d at 950 n.2.

"The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." <u>Light v. Wolf</u>, 816 F.2d 746, 751 (D.C. Cir. 1987)(internal citations and quotations omitted). "Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." <u>Moore v. Agency for Int'l Dev.</u>, 994 F.2d 874, 876 (D.D.C. 1993)(internal citations omitted). Although "district courts do not need to provide detailed guidance to pro se litigants," they should at least "supply minimal notice of the consequences of not complying with procedural rules." <u>Id</u>.  This assistance does not, of course, "constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure." <u>Id</u>.

**2.    <u>Rule 12(b)(6)</u>.**

Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief.  Under rule 12(b)(6), a motion to dismiss "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." <u>Mitchell v. King</u>, 537 F.2d 385, 386 (10th Cir. 1976)(citing <u>Jones v. Hopper</u>, 410 F.2d 1323 (10th Cir. 1969)).  Pro se pleadings are interpreted liberally, <u>see</u> <u>Swoboda v. Dubach</u>, 992 F.2d 286, 289 (10th Cir. 1993), but must comply

with the basic requirements of the Federal Rules of Civil Procedure, see Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(citing Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994)). Therefore, notwithstanding the liberal construction provided to pro se filings, the plaintiff is not relieved of the burden of alleging sufficient facts upon which to base a recognized legal claim. See Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008)(citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted under rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d at 1109.

When ruling on a motion to dismiss, the court shall accept all the factual allegations set forth in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984)). Documents attached to the complaint are considered within the pleadings, and the court may review them and consider them in deciding a motion to dismiss. See Alexander v. Oklahoma, 382 F.3d 1206, 1214, n.2 (10th Cir. 2004). It is not the court's role to weigh potential evidence that the parties might present a trial, but rather to determine whether the plaintiff's complaint states a legally sufficient claim upon which the court can grant relief. See Sutton v. Utah State School for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The controlling law does not require the court to accept the conclusions of law or claimed application of law to the alleged facts. See Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994); Olpin v. Ideal National Insurance Co., 419 F.2d 1250, 1255 (10th Cir. 1969). The controlling law also does not require the court to accept legal conclusions that are presented as factual allegations as true. See Brooks v. Sauceda, 85 F. Supp.2d 1115, 1123 (D. Kan. 2000)(citing Papasan v. Allain, 478 U.S.

265, 286 (1986)).

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citation omitted). "[T]he Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1967, 1969). "The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1974)(alterations omitted). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Id.

## ANALYSIS

Kizzar has not filed a written response in opposition to either of the motions. The Court will, nevertheless, review the motions on the merits. In this case, the Court concludes that the Defendants' motions have merit. Kizzar failed to comply with rule 4(m).

## I.   KIZZAR IS IN VIOLATION OF RULE 4(m).

Kizzar's letter, or petition as he referred to it, was filed with the Court on September 22,

2008.  See Doc. 2.  As of January 20, 2009, one-hundred-twenty days after the petition was filed, no summons had been issued with regard to the petition and no Defendants had been served.  On January 20, 2009, Kizzar finally paid the filing fee for his petition and at the same time he filed Plaintiff's Request for Leave to File Addendum to Original Petition.  Because Plaintiff's Request for Leave to File Addendum to Original Petition was not in a proper form pursuant to the Federal Rules of Civil Procedure, the Request was denied.  See Order.

On January 28, 2009, Coffman, Hassen, Tovar, Gray, Moon, Martinez, and Baskin filed their Motion to Dismiss for Insufficient Process and Insufficient Service of Process.  See Doc. 7.  A day later, at my direction, the Clerk of Court issued a Notice of Impending Dismissal because of failure to serve process requiring Kizzar to show cause, within thirty days, why the Court should not dismiss the case.  Thirty-two days later, on Tuesday, March 3, 2009, Kizzar filed Plaintiff's Answer to Court's Order for Show Cause.  He asserted that his time had not expired, admitted that he had not made service, and stated he paid the filing fee on January 20, 2009.  Kizzar contended that the Clerk would not issue the summons.  As of May 20, 2009, the Defendants had still not been served with summonses, and Kizzar filed his Request for Extension.  Kizzar does not assert that he has served the Defendants.[1]

In his Request for Extension, Kizzar did not advise a date to which he was requesting the extension but instead stated that he believed that the United States Department of Justice should be helping him file a criminal complaint and he was awaiting its response.  See id. at 1-2.  Interestingly, Kizzar also stated that he wanted the opportunity to file a civil complaint.  See id. at 2.  Kizzar had already filed a civil complaint, however, and had one-hundred-twenty days from the date it was filed

---

[1]Kizzar left copies of his letter with the Lea County Sheriff's Department but that does not constitute proper service.  Kizzar does not contend that it does.

to serve the Defendants with process.  He has failed to do so.  More than two-hundred-forty-days, twice the prescribed time period, have passed without service of process occurring and without any indication of when process will occur.

        While Kizzar responded to the Notice of Impending Dismiss, his response, <u>see</u> Doc. 13, and his Request for Extension did not state a good cause for failure to serve process.  Kizzar, in fact, indicated that he is intentionally refraining from serving the Defendants.  Despite the fact that he is proceeding pro se, Kizzar is required to comply with the Federal Rules of Civil Procedure.  There is no evidence that he is proceeding to try to comply with the service of process requirements set forth in the rules.[2]

## II.    <u>KIZZAR'S PETITION DOES NOT COMPLY WITH RULE 10.</u>

        The Defendants raised the issue that Kizzar's Complaint does not comply with rule 10.  A letter is not in proper format to serve as a complaint in a proceeding.  To give some guidance to Kizzar, the clerk's office provided to him an informational packet instructing him how to prepare and file a civil complaint, which Kizzar acknowledged he received.  <u>See</u> Doc. 14 at 1.  Kizzar, on January 20, 2009, finally paid his filing fee and filed with the Court a Request for Leave to File an Addendum to Original Petition.  <u>See</u> Doc. 3.  In denying that request, Judge Garza advised Kizzar that he must comply with the Federal Rules of Civil Procedures and, referring to rule 10, set forth the information that must be contained in every pleading.  Nevertheless, months later, Kizzar still has not taken any action to correct or amend his original filing to comply with the rules.

---

        [2] In later filings by Kizzar, specifically Plaintiff's Request for Extension of Time to Serve Summons on Defendants, Kizzar seems to be confused about the claims he is bringing, whether he has filed a civil action, whether he intends to file a different civil action, and whether he will be filing a criminal action.  <u>See</u> Request for Extension at 2.  He has sought an extension of time to serve process on the Defendants and has intentionally delayed service because he is waiting for a response from the United States Department of Justice.

Specifically, but without limitation, there is no title to the Complaint, no naming of all of the parties against which Kizzar is filing his suit, and no numbered paragraphs each limited to a separate set of circumstances.

While "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings," Moore v. Agency for International Development, 994 F.2d 874, 876 (D.D.C. 1993)(internal citations omitted), Kizzar has been provided sufficient opportunity to remedy his deficiencies.  He was provided with information on how to file a valid complaint and referred to a website for even more information.  Nevertheless, the Court would typically allow Kizzar, as a pro se litigant, a specified amount of additional time to correct his complaint and perfect his service.  That seems to be partially appropriate here, where Kizzar does not appear to fully appreciate that the Court and parties are treating his petition as a complaint and that he cannot file a complaint and wait indefinitely to serve the Defendants.  Now that Kizzar has notice of  his obligations, it appears appropriate to give him a brief period to cure his deficiencies in his Complaint and service. Therefore, the Court will allow Kizzar to file an amended complaint within ten days of the date of the entry of this order.

## III.    IT IS UNLIKELY THAT KIZZAR'S PETITION STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

While the Defendants have not asked the Court to dismiss Kizzar's Complaint for failure to state a claim of action, the Court has had to examine Kizzar's complaint as part of its examination to determine whether it complies with rule 10.  While the Court will not *sua sponte* decide whether Kizzar has stated a claim upon which it can grant relief, the Court is concerned that, even if proper service of process occurred, the petition written by Kizzar does not provide enough facts upon which to base a recognized legal claim.  The original document submitted to the Court as Kizzar's petition

was a letter.  There are few, if any, well-pleaded factual contentions in the petition and, particularly, few facts, if any, to put the Defendants on notice of the charges against which they would be defending.  There are a few facts interlaced in the legal citations in the petition.  Kizzar does not name with particularity the specific Defendants in his suit, what they did, when and against whom. Accepting all Kizzar's factual allegations as true, the facts may not be enough to raise a right to relief above a speculative level.  The petition may fail to state a claim upon which relief can be granted, and, because of the extreme lack of factual information asserted in the petition, amending the petition at this time may be futile.  Kizzar may want to keep these observations in mind if and when he files an amendment complaint that complies with rule 10.

**IT IS ORDERED** that Defendants Sheriff Rod Coffman, Lea County New Mexico, Deputies Gary Hassen, Mike Tovar, Jeff Gray, Brandon Moon, Sgt. Jon Martinez and John Baskin's Motion to Dismiss for Insufficient Process And Insufficient Service of Process (Doc. 7) is granted, and the Board of County Commissioners of Lea County's Motion to Dismiss (Doc. 11) is granted in part and denied in part.  Plaintiff Frank Kizzar's Complaint is dismissed without prejudice to him filing an amended complaint within ten days of the entry date of this order.  The Plaintiff shall properly serve process on all Defendants within twenty days of the date the Plaintiff files an amended complaint.  Plaintiff's Request for Extension of Time to Serve Summons on Defendants (Doc. 14) is denied as moot.

_____
UNITED STATES DISTRICT JUDGE

-15-

*Parties and Counsel*:

Frank Kizzar
Jal, New Mexico

> *Plaintiff pro se*

Nathan H. Mann
Harriett J. Hickman
Gallagher, Casados & Mann, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendants Rod Coffman, Gary Hassen, Mike Tovar, Jeff Gray,*
> *Brandon Moon, Jon Martinez, and John Gaskin*

Ronald J. Childress
Elaine R. Dailey
Klecan & Childress
Albuquerque, New Mexico

> *Attorney for Defendant Board of County Commissioners of Lea County*