IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK KIZZAR,

        Plaintiff,

v.                                                                                       No. CIV 08-1037 JB/CEG

BILL RICHARDSON, Governor of New Mexico;
GARY KING, Attorney General of New Mexico;
MARY HERRERA, Secretary of State for New
Mexico; SENATOR MARY JANE GARCIA; W.
KEN MARTINEZ, ARLINE ENGEL, ANIMAL
PROTECTION OF NEW MEXICO, INC.;
JOHN/JANE DOE (name unknown), ANIMAL
PROTECTION VOTERS, JUDGE JACK BAILEY,
JUDGE GARY L. KLINGMAN, LEA COUNTY
SHERIFF ROD COFFMAN, DEPUTIES GARY
HASSEN, MIKE TOVAR, BRAD RILEY, JEFF
GRAY-AFFIANT, BRANDON MOON, SARGENTS
JON MARTINEZ and JOHN GASKINS, JAL
POLICE OFFICERS DANIEL JUAREZ, JOSH
TERRELL and ADAM MONTEZ,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the State Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed on September 22, 2009 (Doc. 39)("State Defendants' Motion"); (ii) Animal Protection of New Mexico's Motion to Dismiss Complaint, filed September 22, 2009 (Doc. 41)("Animal Protection's Motion"); and (iii) Defendants Sheriff Rod Coffman, Deputies Gary Hassen, Mike Tovar, Jeff Gray, Brandon Moon, Sergeant Jon Martinez and John Gaskin's Motion to Dismiss Plaintiff's Amended Complaint, filed September 29, 2009 (Doc. 42)("County Defendants' Motion"). Plaintiff Frank Kizzar is representing himself pro se. Because Kizzar fails to state a claim upon which relief can be granted, the Court will grant the motions and

dismiss the Amended Complaint.

## FACTUAL BACKGROUND

Kizzar owns the Legion Club of Jal in Jal, New Mexico, which "is affiliated and associated with the Eccliastical Court." Plaintiff's Amended Complaint at 6, filed September 2, 2009 (Doc. 17)("Amended Complaint"). On February 14, 2007, the "Eccliastical Court" issued a "Non-Statutory Abatement" "regarding the operation of a gamefowl testing facility at the Legion Club of Jal." Id. The Defendants were served with the Abatement. See id. On February 28, 2007, the "Eccliastical Court" issued a "default Judgement [sic] and Second Non-Statutory Abatement with Assessed Liability." Id. The New Mexico legislature passed a law prohibiting cockfighting within the state, which law went into effect on June 15, 2007. See Amended Complaint at 6. On November 24, 2007, Kizzar's land was raided, and property was removed from the land by the Defendants and not returned. See id.

## PROCEDURAL BACKGROUND

On September 15, 2008, Kizzar sent a letter to the Honorable Robert C. Brack, United States District Judge, United States District Court for the District of New Mexico. See Letter from Frank Kizzar to the Honorable Robert C. Brack (dated September 15, 2008), filed September 22, 2008 (Doc. 2). Kizzar cited multiple statutes in the letter and referred to the letter as a "petition;" he asked for redress by the Court. Kizzar's letter was filed with the Court on September 22, 2008, and provided a file number of CIV 08-1037. See Letter from Kizzar to Court at 1.

On January 20, 2009, Kizzar filed Plaintiff's Request for Leave to File Addendum to Original Petition. See Plaintiff's Request for Leave to File Addendum to Original Petition, filed January 20, 2009 (Doc. 3). By Order dated January 26, 2009, the Honorable Carmen E. Garza, United States Magistrate Judge for the District of New Mexico, denied the Plaintiff's Request for

Leave to File Addendum to Original Petition. See Order at 2, filed January 26, 2009 (Doc. 5). Judge Garza acknowledged that Kizzar was entitled to amend his pleading because he had not served any Defendants, but found that Plaintiff's Request for Leave to File an Addendum to Original Petition did not comply with the Federal Rules of Civil Procedure. See Order at 1. Judge Garza set forth the relevant provisions of rule 10 of the Federal Rules of Civil Procedure and encouraged Kizzar to "review the District Court of New Mexico's website, especially the legal information and forms available to pro se litigants, located at http://www.nmcourt.fed.us/web/DCDOCS/dcindex.html." Order at 2.

On January 28, 2009, Defendants Sheriff Rod Coffman, Deputies Gary Hassen, Mike Tovar, Jeff Gray, Brandon Moon, Sergeant Jon Martinez and John Gaskin ("County Defendants") filed a Motion to Dismiss for Insufficient Process and Insufficient Service of Process. See Motion to Dismiss for Insufficient Process and Insufficient Service of Process, filed January 28, 2009 (Doc. 7); Memorandum Brief in Support of Motion to Dismiss for Insufficient Process and Insufficient Service of Process, filed January 28, 2009 (Doc. 8).

By January 29, 2009, four months after he filed his initial Complaint, Kizzar had not provided the Court with evidence that he had served process on any of the Defendants. See Fed. R. Civ. P. 4(m)(requiring dismissal if the plaintiff fails to serve process on the defendants within 120 days of filing of the complaint, unless shown good cause). At that point, at the Court's direction, the Clerk of Court issued to Kizzar a Notice of Impending Dismissal advising him that the action would be dismissed thirty days from the date of the notice unless Kizzar showed good cause for the retention of the matter on the Court's docket. See Notice of Impending Dismissal, filed January 29, 2009 (Doc. 9). On February 6, 2009, the Board of County Commissioners of Lea County filed a Motion to Dismiss, see Motion to Dismiss, filed February 6, 2009 (Doc. 11)("County's Motion"),

asserting that the letter filed by Kizzar does not comply with the Federal Rules of Civil Procedure, including rule 10, and asserting insufficient process and insufficient service of process, see County's Motion at 1.  On March 3, 2009, Kizzar filed an answer to the Court's show-cause order.  See Plaintiff's Answer to Court's Order for Show Cause, filed March 3, 2009 (Doc. 13).  On May 20, 2009, Kizzar filed a request for extension of time to serve the Defendants.  See Plaintiff's Request for Extension of Time to Serve Summons on Defendants, filed May 20, 2009 (Doc. 14)("Request").

On August 14, 2009, the Court dismissed Kizzar's petition without prejudice, and allowed him ten days to file an amended complaint and twenty additional days if and after he filed an amended complaint to serve all the Defendants. See Memorandum Opinion and Order, filed August 14, 2009 (Doc. 16)("Dismissal Order").  In that Dismissal Order, the Court denied Kizzar's Request for Extension of Time to Serve Summons on Defendants as moot.  See Dismissal Order at 15

On September 2, 2009, Kizzar filed an Amended Complaint, see Amended Complaint, asserting violations of 42 U.S.C. §§ 1981, 1982, 1983, 1984 and 1985 as well as the First, Fourth, Fifth, Ninth, Tenth and Fourteen Amendments of the United States Constitution.  See Amended Complaint at 1.  Kizzar seeks "all protections [to which] he is entitled and criminal penalties under" 28 U.S.C.A. §§ 241 and 242, "also Public Law 109-374, 18 U.S.C. 43 [sic] entitled Animal Enterprise Terrorism Act," see id. at 1.

On September 22, 2009, Defendants  Bill Richardson, Gary King, Mary Herrera, Mary Jane Garcia, W. Ken Martinez, Arlene Engel, Jack Bailey and Gary L. Klingman ("State Defendants") filed a motion to dismiss Kizzar's claims.  See State Defendants' Motion.  These Defendants assert that each of them, acting in their official capacity, enjoys immunity from this kind of suit and that the Amended Complaint fails to state a cognizable cause of action.  See id. at 1.

Also on September 22, 2009, Defendant Animal Protection Voters filed a motion to dismiss,

alleging that there are no facts asserted against Animal Protection of New Mexico and no allegation of a claim upon which relief can be granted.  See Animal Protection's Motion.  It also asserts that the proof of service is deficient because "[i]t does not indicate where or how the summons was served, whom the summons was served upon, and there is no signature by the Server declaring the accuracy of the proof of service."  Id. at 2.

On September 29, 2009, the County Defendants filed a motion to dismiss.  See County Defendants' Motion.  They contend that the Court should dismiss Plaintiff's Amended Complaint because it was untimely filed and fails to state a claim upon which relief can be granted.  See id. at 1.  Kizzar has not responded to any of these motions to dismiss.

## LAW REGARDING FAILURE TO RESPOND TO A MOTION

"Failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ 7.1(b).  The Court cannot, however, grant either a motion to dismiss or one for summary judgement based solely on plaintiff's failure to respond, and must consider the merits of the motion. See Issa v. Comp USA, 354 F.3d 1174, 1177-78 (10th Cir. 2003)(holding that a court must address the merits of a motion to dismiss notwithstanding the plaintiff's failure to respond).  Accordingly, [p]ursuant to D.N.M. LR-Civ. 7.1(b), the Court treats an issue to which no timely response is made as unopposed and resolves the issue in favor of the moving party *unless it would be incorrect or improper to do so*." Baumeister v. New Mexico Comm'n for the Blind Adult Orientation Ctr., 425 F. Supp. 2d. 1250 1268-69 (D.N.M. 2006)(emphasis added).

## STANDARD FOR DECIDING A MOTION TO DISMISS

Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief.  Under rule 12(b)(6), a motion to dismiss "admits all well-pleaded facts

in the complaint as distinguished from conclusory allegations." Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976)(citing Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969)). Pro se pleadings are interpreted liberally, see Swoboda v. Dubach, 992 F.2d 286, 289 (10th Cir. 1993), but must comply with the basic requirements of the Federal Rules of Civil Procedure, see Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(citing Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994)). Accordingly, notwithstanding the liberal construction provided to pro se filings, the plaintiff is not relieved of the burden of alleging sufficient facts upon which to base a recognized legal claim. See Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008)(citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

When ruling on a motion to dismiss, the court shall accept all the factual allegations set forth in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). It is not the court's role to weigh potential evidence that the parties might present a trial, but rather to determine whether the plaintiff's complaint states a legally sufficient claim upon which the court can grant relief. See Sutton v. Utah State Sch. for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The controlling law does not require the court to accept the conclusions of law or claimed application of law to the alleged facts. See Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994); Olpin v. Ideal Nat'l Ins. Co., 419 F.2d 1250, 1255 (10th Cir. 1969). The controlling law also does not require the court to accept as true legal conclusions that are presented as factual allegations. See Brooks v. Sauceda, 85 F. Supp.2d 1115, 1123 (D. Kan. 2000)(citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-556 (internal citation omitted). "[T]he Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570). "The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 547)(alterations omitted). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (emphasis in original).

### RULE 10 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 10(a) of the Federal Rules of Civil Procedure states:  "Every pleading must have a caption with the court's name, a title, a file number, and a [r]ule 7(a) designation.  The title of the complaint must name all the parties; . . . ." Fed. R Civ. Proc. 10(a).  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. Proc. 10(b).

### LAW REGARDING FAILURE TO COMPLY WITH AN ORDER OF THE COURT

Pursuant to rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss an

action for failure of the plaintiff "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ." Fed. R. Civ. P. 41(b).  See Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  The United States Court of Appeals for the Tenth Circuit has stated that, with respect to involuntary dismissal under rule 41:

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)(citations and internal quotation marks omitted).  "[W]hen the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits dismissal [is] an appropriate sanction." Id.

> When a complaint is incomprehensible and does not provide a "short and plain" statement of the claims sufficient to give the defendants reasonable and fair notice of the basis of the claims under [r]ule 8(a)(2),[1] dismissal is proper where . . . the district court has given the plaintiff leave to amend and the successive pleading remains "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, if well disguised."

Williamson v. Owners Resort & Exch., 90 Fed. Appx. 342, 345-46 (10th Cir. 2004)(unpublished) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988); Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996)).

## **ANALYSIS**

Kizzar has not filed a written response in opposition to any of the motions; the time for filing a response has passed.  The Court will, nevertheless, review the motions on the merits.  After

---

[1] Rule 8(a) of the Federal Rules of Civil Procedure provides: "[A] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

engaging in a careful review of the merits of the case by reviewing Kizzar's Amended Complaint and the briefing on the motions to dismiss, the Court concludes that it should grant the Defendants' motions.

## I. KIZZAR'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The Defendants have asked the Court to dismiss Kizzar's Amended Complaint for failure to state a cause of action. The Court need not delve into and provide an analysis of each constitutional or statutory reference that Kizzar has made, or address whether any immunities apply, as Kizzar does not provide enough facts against any of the Defendants, or factual elements of the cited laws, to form a recognized legal claim upon which to analyze the applicability of immunity. There are few, if any, well-pleaded factual contentions in the Amended Complaint and few facts, if any, to put the Defendants on notice of the claims against which they would be defending. Kizzar appears to use the Amended Complaint as a venue to express general views about various laws.

There are essentially no non-conclusory facts pled to support any of the allegations by Kizzar or to show how any of Kizzar's rights were violated. The following appears to be the extent of the "facts" that Kizzar asserts:

> Plaintiff, Frank Kizzar, pro se, owns and operates the Legion Club of Jal, New Mexico, which is affiliated and associated with the Eccliastical [sic] Court, and dedicated to obeying the ordinances, commandments and laws of God in all things. On 2/14/07 a Non-Statutory Abatement was issued by the Eccliastical [sic] Court regarding the operation of a gamefowl testing facility at the Legion Club of Jal, and the Defendants were served. Plaintiff appeared in person in Santa Fe, New Mexico, prior to the passing of laws banning and criminalizing cockfighting stating the existence of the issued non-Statutory Abatement, and was dismissed by the Senators. A subsequent action resulted in passage of law and the Govornor [sic] signing same, banning cockfighting. The Governor promoted and pressured for the bill for his personal gain in political prestiege [sic] and standing in his pitiful attempt at a bid for the Presidency, as well as seeking contributions and moneys to pay for the bid, from Animal Rights individuals and groups, which he would not have otherwise gotten, amounting to influence peddling and corruption. This law went into effect

> on 6/15/07. The Ecclastical [sic] Court issued on 2/28/07 a default Judgement [sic] and Second Non-Statutory Abatement with Assessed Liabilities as a result on 11/24/07 there was a raid and invasion upon the posted Land Patent property which is the Legion Club of Jal, in retaliation, by the Defendants, and property was stolen, never returned by Defendants. The raid was an assault by heavily armed aggressive individuals named as Defendants in retaliation against Plaintiff. Defendants had no authority on the property, Land Patent property with an Allodial Title, notice of such posted, properly filed and recorded prior to the trespass and invasion by Defendants. Plaintiff has never been paid for the personal property stolen by Defendants and there has been no lawful notice to Plaintiff of any intention or attempt of proceedings for a forfeiture of property taken, during the armed invasion. Threats were made to Plaintiff that he would continue to be invaded, his religious beliefs and laws meant nothing to Defendants and would absolutely be prevented from living by the laws of God in the management of the properties, dedicated by Plaintiff in concert with the Realm of God Ecclastical Court for Good and Lawful men and women to test their gamefowl obeying the laws of God.

Amended Complaint at 6-7. Accepting all Kizzar's factual allegations as true, the facts are not enough to raise a right to relief above a speculative level. The petition fails to state a claim upon which relief can be granted, and, because of the extreme lack of relevant factual information asserted in the petition, amending the petition again at this time would be futile.

### A.   KIZZAR FAILS TO PLEAD WITH PARTICULARITY THE CONDUCT OF SPECIFIC DEFENDANTS WHICH ALLEGEDLY VIOLATED HIS CONSTITUTIONAL RIGHTS.

To survive a motion to dismiss, the Amended Complaint must plead specific allegations to demonstrate plausible support for a legal claim for relief. See Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007). The Supreme Court requires that Kizzar "nudge his claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. at 570. Kizzar's Amended Complaint fails to specify with particularity in what conduct the State Defendants, the County Defendants, or the Animal Protection Voters ("APV") engaged that violated his constitutional rights. Except with regard to a statement pertaining to Richardson, Kizzar does not name the other Defendants in the body of his Amended Complaint, what exactly they did, when, and against whom.

Kizzar fails to allege any set of facts that directly or indirectly involve APV, nor is it clear who Kizzar intended to identify from APV when he names Jane/John Doe of APV. See Amended Complaint at 5. Kizzar also fails to allege in what conduct any of the County Defendants engaged that gives rise to a violation of his rights or how any Defendant was involved in a racketeering enterprise. The requirement of plausibility "serves not only to weed out claims that do not . . . have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008). Because Kizzar has not made factual allegations against the specific Defendants he names, his allegations are not sufficient to survive a motion to dismiss.

With the exception of a statement naming Richardson, Kizzar also fails to assert specific allegations against the State Defendants. Kizzar states that Richardson signed the law banning cockfighting, and alleges that the "Governor promoted and pressured for the bill for his personal gain in political prestiege [sic] and standing . . . amounting to influence peddling and corruption." Kizzar does not, however, connect these assertions to any specific claim. Even if a valid claim is made, Richardson is entitled to absolute immunity with regard to his legislative acts alleged. See Bragg v. Chavez, No. CIV 07-0343 JB/WDS, 2007 WL 6367133, at **8-9 (D.N.M. Nov. 13, 2007)(Browning, J.)(holding that Governor Richardson was entitled to absolute legislative immunity from the plaintiff's allegations regarding the governor's political support for and budgetary policies regarding the administration of Medicaid services in New Mexico); Torres-Rivera v. Calderon-Serra, 412 F.3d 205, 213 (1st Cir. 2005)("[A] governor who signs into law or vetoes legislation passed by the legislature is also entitled to absolute immunity for that act."). As the Supreme Court has recognized, "[a]bsolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.'" Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998)(quoting Tenney v.

Brandhove, 341 U.S. 367, 376 (1951)).  "The claim of an unworthy purpose does not destroy the privilege."  Tenney v. Brandhove, 341 U.S. at 377.  Kizzar has made no effort to acknowledge and plead around this problem, thus leaving his claims speculative.  Moreover, Kizzar does not allege that any of the State Defendants acted in anything other than his or her official capacity in the enactment and enforcement of the cockfighting ban.  A state official sued in his or her official capacity is generally entitled to assert the same immunities as the governmental entity for which he or she works.  See Hafer v. Melo, 502 U.S. 21, 25 (1991); Ruiz v. McDonnell, 299 F.3d 1173, 1180-81 (10th Cir. 2002).

### B. KIZZAR HAS NOT SUFFICIENTLY PLED A CAUSE OF ACTION BASED UPON A VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

Kizzar broadly challenges the constitutionality of a 2007 statute that criminalized the act of cockfighting in New Mexico.  The New Mexico Court of Appeals has previously upheld the constitutionality of New Mexico's cockfighting ban.  See New Mexico Gamefowl Assoc., Inc. v. New Mexico, 2009 NMCA 88, 215 P.3d 67 (2009).  Kizzar's Amended Complaint cites to six constitutional amendments as the bases for his claims.  Though he gives an exposition of what each right means to him, Kizzar does not describe how each Defendant violated each Amendment.  Kizzar has not, therefore, sufficiently pled a cognizable cause of action connected to any of the constitutional provisions that he cites in the Amended Complaint.

#### 1. Kizzar Has Not Sufficiently Pled a Violation of His First Amendment Rights.

Kizzar alleges that his First Amendment rights were violated, because the statute on cockfighting "states that laws giving animals entitlement to rights, and judging or condemning individuals by the manner of treatment of animals contradicts the Bible, disparaging the Plaintiff's Christian belief, while bolstering the Animal Rights creed."  Amended Complaint at 9.  The United

States Court of Appeals for the Tenth Circuit has stated that "[n]eutral rules of general applicability normally do not raise free exercise concerns even if they incidentally burden a particular religious practice or belief." Corder v. Lewis Palmer Sch. Dist., 566 F.3d 1219, 1232 (10th Cir. 2009)(citing Employment Div. v. Smith, 494 U.S. 872, 879 (1990)).  Kizzar makes no reference or attempt at describing how he the statute injures him or how his First Amendment rights have been violated. He does not allege that he is no longer free to practice his religion, or that the statute infringes on his rights of expression or on his rights of association.  Without such a description or claim, it is unclear that Kizzar has standing to make a First Amendment challenge, and without asserting how his rights were violated, the Defendants cannot fully address the alleged constitutional violation. The Court, therefore, will dismiss Kizzar's First-Amendment claim.

### 2. **Kizzar Has Not Sufficiently Pled a Violation of His Fourth-Amendment Rights.**

Kizzar alleges that the cockfighting ban "remove[s] rights to privacy of owners to decide what they desire regarding their property" and "unlawfully tak[es] controlling interest ownership from the individual." Amended Complaint at 10.  Kizzar does not, however, identify how the statute violated his Fourth Amendment rights, nor does he identify which Defendants violated his rights. He fails to specify what real or personal property of his, if any, was allegedly seized from him or his premises, or which of the Defendants allegedly seized the property.  Though Kizzar alleges "Plaintiff has never been paid for the personal property stolen by Defendants," Amended Complaint at 7,  he neither describes to what property he is referring with any specificity, nor identifies the Defendant or Defendants that allegedly seized that property.  General allegations such as these without any specific facts describing incidents involving him or the Defendants are deficient to state a claim for relief under the Fourth Amendment, and thus the Court will dismiss Kizzar's claim.

### 3. **Kizzar Pleads No Facts in his Claim Under the Fifth Amendment.**

Kizzar's claim under the Fifth Amendment states nothing more than an exposition on the rights that the Fifth Amendment confers, and provides no facts as to how his rights were violated. Kizzar provides only the conclusion that "[l]aws enacted and enforced giving animals entitlement to rights deprives the owner of liberty and property without due process or just compensation." Amended Complaint at 10. Without any factual allegations identifying how the Defendants have infringed upon Kizzar's Fifth Amendment rights, his Fifth Amendment claim fails to state a claim upon which relief can be granted, and thus the Court will dismiss Kizzar's Fifth Amendment claim.

### 4. **Kizzar Misconstrues the Ninth Amendment.**

Kizzar contends that the cockfighting ban violates the Ninth Amendment because it "infringe[s] on rights clearly and repeated [sic] in the Constitution of liberty and property rights to the individual." Amended Complaint at 11. He again asserts violation of his liberty and property rights without any supporting factual averments. The Ninth Amendment, however, does not provide a stand alone explicit right upon which relief can be granted, but rather protects judicially enforceable unenumerated rights. See Griswold v. Connecticut, 381 U.S. 479, 488 (1986)(Goldberg, J., concurring). It is typically invoked when asserting a constitutional right of privacy. See id., 381 U.S. at 484. Kizzar, however, does not assert a claim of a right of privacy in his Amended Complaint, nor does he assert any facts supporting such a claim. Because Kizzar fails to state a cognizable claim under the Ninth Amendment, the Court will dismiss this claim.

### 5. **Kizzar Does Not Have Standing To Claim a Violation Under the Tenth Amendment.**

Kizzar argues that the Tenth Amendment has been violated by the State impermissibly "[g]iving animals the entitlement to rights." Amended Complaint at 11-12. Kizzar has not asserted

a proper claim under the Tenth Amendment. The Tenth Amendment reserves to the States the power to enact legislation in any area not expressly governed by the federal government. Only a state has standing to press claims against the federal government aimed at protecting its sovereign powers under the Tenth Amendment. See United States v. Parker, 362 F.3d 1279, 1284-85 (10th Cir. 2004). Individuals do not have standing to assert Tenth Amendment claims unless their interests are aligned with the state's interests. See id.. Kizzar has no valid claim under the Tenth Amendment, and thus the Court will dismiss the claim.

### 6. Kizzar Has Not Sufficiently Pled a Violation of His Fourteenth Amendment Rights.

Kizzar assets that the cockfighting ban deprive owners of property and liberty interests in the property. See Amended Complaint at 12. Kizzar once again fails to provide any facts showing how his rights were violated or by whom. Moreover, property rights do not extend to contraband, and the New Mexico Court of Appeals has already found that the cockfighting ban is constitutional. See New Mexico Gamefowl Assoc., Inc. v. New Mexico, 2009 NMCA at 88, 215 P.3d at 67. Kizzar does not have a right to possess illegal fighting birds. The Court finds that Kizzar has not sufficiently pled a violation of his Fourteenth Amendment rights and will dismiss that claim.

## II. KIZZAR FAILED TO COMPLY WITH AN ORDER OF THE COURT.

In filing his pleadings and proceeding with his claims, Kizzar continues to ignore the Federal Rules of Civil Procedure and the requirements of the Court. The Court finds the Ehrenhaus factors weigh in favor of dismissing Kizzar's claims.

With regard to the original petition, the Defendants raised the issue that Kizzar did not comply with rule 10 of the Federal Rules of Civil Procedure because a letter is not in a proper format to serve as a complaint in a proceeding. To give some guidance to Kizzar, the Court's clerk's office

...

provided to Kizzar an informational packet instructing him how to prepare and file a civil complaint, which Kizzar acknowledged he received.  See Plaintiff's Request for Extension of Time to Serve Summons on Defendants at 1.  Kizzar, on January 20, 2009, filed a request for leave to amend his complaint, which Judge Garza denied by order of January 26, 2009, because it failed to comply with the Federal Rules of Civil Procedure, specifically rule 10.  See Order at 2.  In her order, Judge Garza advised Kizzar that, in filing his pleadings, he must comply with the Federal Rules of Civil Procedure and, referring to rule 10, she set forth the information that must be contained in every pleading.  See Order at 1.  Judge Garza further encouraged Kizzar to "review the District Court of New Mexico's website, especially the legal information and forms available to pro se litigants, located at http://www.nmcourt.fed.us/ web/DCDOCS/dcindex.html."  Order at 2.  Kizzar took no action at that time to correct or amend his original filing to comply with the rules.  Subsequently, the Defendants filed motions to dismiss for insufficient service of process, which the Court granted. Kizzar's complaint was dismissed without prejudice.

As additional guidance and leeway to Kizzar, in the text of the Dismissal Order, the Court stated: "Now that Kizzar has notice of  his obligations, it appears appropriate to give him a brief period to cure his deficiencies in his Complaint and service. Therefore, the Court will allow Kizzar to file an amended complaint within ten days of the date of the entry of this order."  Memorandum Opinion and Order at 14, filed August 14, 2009 (Doc. 16).  The Court then ordered that: "Plaintiff Frank Kizzar's Complaint is dismissed without prejudice to him filing an amended complaint within ten days of the entry date of this order.  The Plaintiff shall properly serve process on all Defendants within twenty days of the date the Plaintiff files an amended complaint. . . ."  Id. at 15.

While "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings," Moore v. Agency for Int'l Dev., 994 F.2d 874,

876 (D.D.C. 1993)(internal citations omitted), there are limits to the amount of burden a court must endure. Kizzar was provided with information on how to file a valid complaint and referred to a website for even more information. He has been told that he must follow the Federal Rules of Civil Procedure. Kizzar has not complied with this instruction.

Kizzar did not file his Amended Complaint until September 2, 2009, nineteen days after the date the Dismissal Order was entered. This action did not comply with the Court's order. Furthermore, the Court gave Kizzar an opportunity to amend his Complaint and, still, the Amended Complaint failed to provide a short and plain statement of claims sufficient to give the Defendants reasonable notice of the basis of the claims. There are no "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Kizzar asserted violations of numerous federal statutes and constitutional provisions without alleging with any clarity what acts were performed by each defendant in violation of the law.[2] There is no specificity in his allegations.[3] Kizzar continues to not comply with the Court's order or with the Federal Rules of Civil Procedure. And to these motions to dismiss, Kizzar has chosen not to respond.

---

[2] In the Dismissal Order, in addition to allowing him to file an Amended Complaint, the Court provided guidance to him with regard to the likelihood that his petition would survive a motion to dismiss for failure to state a claim upon which relief can be granted. The Court stated:

> There are few, if any, well-pleaded contentions in the petition and, particularly, few facts, if any to put the Defendants on notice of the charges against which they would be defending. There are few facts interlaced in the legal citations in the petition. Kizzar does not name with particularity the specific Defendants in his suit, what they did, when and against whom . . . . The petition may fail to state a claim upon which relief can be granted . . . .

Dismissal Order at 15.

[3] The vagueness of Kizzar's allegations are not restricted to acts of the Defendants. The allegations do not clarify other matters, such as, without limitation, what property of Kizzar was actually seized.

Kizzar named numerous Defendants in his Amended Complaint as in his original petition. Kizzar does not appear to appreciate the financial, time and resource costs of his actions on both the Court and the Defendants. Kizzar's actions interfere with judicial process, and his failure to comply with Court directives impedes the orderly administration of justice. He has been warned, and the Court has provided ample assistance to him as a pro se litigant by explaining the pleading requirements to him. The substance of Kizzar's claims remain unclear. Kizzar is culpable for his failure to file an adequate complaint and to respond to Defendants' motions. He has been given notice of the fact that he needed to file his Amended Complaint within a certain time frame. He did not comply with those orders and filed the Amended Complaint late, still not complying with the Federal Rules of Civil Procedure. Kizzar did not request an extension or provide the Court with any reason behind his delay. Nonetheless, in deference to a pro se litigant, and despite Kizzar's disrespect for the Court and its processes, the Court again reviewed the merits of Kizzar's allegation. His allegations, as stated in the Amended Complaint, do not rise above the speculative level, and thus the Court will dismiss them. Because Kizzar consistently failed to comply with the Court's orders and rules and the real burden on the judicial process cannot be disregarded, a lesser sanction than dismissal would not be effective or do justice.

**IT IS ORDERED** that State Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed on September 22, 2009 (Doc. 39); Animal Protection of New Mexico's Motion to Dismiss Complaint, filed September 22, 2009 (Doc. 41); and Defendants Sheriff Rod Coffman, Lea County New Mexico, Deputies Gary Hassen, Mike Tovar, Jeff Gray, Brandon Moon, Sergeants Jon Martinez and John Gaskin's Motion to Dismiss Plaintiff's Amended Complaint, filed September 29, 2009 (Doc. 42), are granted. Plaintiff Frank Kizzar's Amended Complaint is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Frank Kizzar
Jal, New Mexico

    *Plaintiff pro se*

Gary K. King, Esq.
Scott Fuqua, Esq.
New Mexico Attorney General's Office
Santa Fe, New Mexico

    *Attorneys for Defendants Bill Richardson, Gary King, Mary Herrera, Mary Jane Garcia, W. Ken Martinez, Arlene Engel, Jack Bailey and Gary L. Klingman*

Alex K. Russell, Esq.
Russell Law Firm, P.C.
Albuquerque, New Mexico

    *Attorney for Defendant Animal Protection Voters*

Nathan H. Mann, Esq.
Harriett J. Hickman, Esq.
Gallagher, Casados, & Mann, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Sheriff Rod Coffman, Lea County New Mexico, Deputies Gary Hassen, Mike Tovar, Jeff Gray, Brandon Moon, Sargents Jon Martinez and John Gaskin*